J-S56005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REBECCA LYNN LENTZ, | |
| Appellant | No. 901 MDA 2015 |

Appeal from the Judgment of Sentence December 11, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000463-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:**FILED OCTOBER 21, 2016**

The Pennsylvania Legislature, seeking to protect the public, has addressed the serious problem of threats to public safety by drunk drivers with 75 Pa.C.S. § 3802 *et seq*.  Making clear its intent to protect the public, the law directs that evidence that a person drove, operated, or was in control of a motor vehicle while impaired or with a BAC of .08% or higher is enough by itself to convict the person of DUI.  ***Id.***

The Majority would require the state trooper in the instant case to sit idly by and wait until Appellant placed her car in motion and put members of the public at heightened risk before making an arrest.  Such a requirement goes against the intent of the Legislature, and I respectfully dissent.

Within the DUI statutory scheme of this Commonwealth, our General Assembly has proscribed the commission of any of three distinct actions by a driver after he or she imbibes to excess: driving, operating, or being in

*Former Justice specially assigned to the Superior Court.

actual physical control of the movement of a vehicle. Under our rules of statutory construction, we must presume that "the legislature does not perform useless acts in adopting the words of a statute." *Commonwealth v. Elliott*, 50 A.3d 1284, 1290 (Pa. 2012) (citation and quotation marks omitted). "Thus, when the legislature uses [ ] different words, we must also presume that it must have meant for the words to have separate meanings." *Id.* (citations and internal quotation marks omitted).

We have construed the term "operate" to "require evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super. 2003). In *Commonwealth v. James*, 863 A.2d 1179 (Pa.Super. 2004) (*en banc*), we recognized that evidence could establish that a driver was in actual physical control over the machinery of a car even though the car never moved. Specifically, we stated:

> Since the scope of the [DUI] statute was broadened, we have held that "operate" does not require evidence that the vehicle was in motion; it merely requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement. Thus, the question of "actual physical control" only arises where the Commonwealth cannot show that a defendant operated a car by moving it.

*Id.* at 1185 (citations omitted). Our prior decision in *Commonwealth v. Grimes*, 648 A.2d 538 (Pa.Super. 1994), informed this construction of the DUI statute.

In **Grimes**, the defendant was convicted under, *inter alia,* a prior but functionally equivalent version of the DUI law for our present purposes. The evidence revealed that the defendant, while in the driver's seat of his truck, revved the engine for about five minutes while parked outside a bar. An investigating police officer discerned that the defendant was intoxicated. This Court determined that the Commonwealth had met its burden of establishing the defendant was in "actual physical control" over the vehicle, even though the vehicle never moved. Specifically, we observed:

> It is well settled that in order to be convicted under this statute, the Commonwealth need not prove that the vehicle was in motion at the time of the incident, but rather, must simply prove that the defendant was in actual physical control over the vehicle, and was, thus, a threat to public safety. **Commonwealth v. Crum**, 523 A.2d 799, 801-02 (Pa.Super. 1987). The concept of "actual physical control" involves the control of the movements of either the machinery of a motor vehicle or of the management of the vehicle itself, without a requirement that the entire vehicle be in motion. **Commonwealth v. Bobotas**, 588 A.2d 518, 521 (Pa.Super. 1991).

**Id.** at 543.

In my view, the particular facts of the case *sub judice* sufficed to show that Appellant's conduct satisfied the first definition of "operate," as she was in actual physical control of the machinery of the motor vehicle at the time Trooper McDermott prevented her from pulling away. Unlike the driver in **Commonwealth v. Byers**, 650 A.2d 468 (Pa. Super. 1994), for example, who, as the majority explained, was found asleep in a parked car outside a bar, Appellant had just assumed control of a vehicle parked momentarily on

the berm of a roadway with its engine running and lights on. Seated in a driving position with her hands on the steering wheel, Appellant acknowledged to the investigating trooper that she was ready to resume her party's trip home. Under our precedent, this evidence sufficed to establish Appellant's operation of the vehicle.

The majority dismisses Appellant's intent to drive immediately as irrelevant to our inquiry under Sections 3802(a)(1),(c), but under the totality of circumstances I consider her stated intent to be a key component to a finding that she was in operation of the vehicle in question. Indeed, we have previously identified the intent to drive as a distinguishing factor taking a case outside of the **Byers** "sleeping it off" line of cases:

> Here, appellant was parked on a public street in front of a store. While it is unclear from the record where appellant had been drinking prior to his arrest, appellant was not sitting in the parking lot of a bar, as in **Byers**. As the trial court states, the presence of a cold, unopened six-pack of beer in appellant's car indicates that he was not "sleeping it off" but intended to drive his vehicle to his home or some other location to continue drinking and become even more intoxicated.

**Commonwealth v. Toland**, 995 A.2d 1242, 1247 (Pa.Super. 2010).

Appellant was not seated in a car parked at the bar where she and her companion had just imbibed. She had, instead, assumed actual physical control over the machinery of a car momentarily stopped while in transit when she sat in the driver's seat, placed her hands on the steering wheel, and positioned herself to drive away. Such a construction of our DUI law is consistent with both our prior interpretation of the statutory language and

the public protection purposes of the scheme as a whole. Accordingly, I would affirm judgment of sentence.